FILED

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

2011 DEC -5 PM 2:01

JACKSONVILLE Division

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

## CIVIL RIGHTS COMPLAINT FORM

ROBERT E. SPIKER
D.C. # 095351

CASE NUMBER: 3:11-CV-1156-J-32TBT
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison number, if applicable)

v.

R. RODRIGUEZ, (Et. Al)

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

## ANSWER ALL OF THE FOLLOWING QUESTIONS:

I. **PLACE OF PRESENT CONFINEMENT:** Florida State Prison
(Indicate the name and location)
7819 N.W. 228th St. Raiford FL. 32026

II. **DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?** Yes (X) No ( )

[If your answer is YES, after reviewing the exhaustion requirements, answer the following questions]

DC 225 (Rev. 9/03)

1

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the Informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A. Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes (X) No ( )

2. If so, you must attach a copy of the grievance and response to this Complaint form.

3. Were you denied emergency status? Yes ( ) No (X)

   a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( ) No ( ) N/A

   b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B. Informal Grievance (Request for Interview)

1. Did you submit an informal grievance (Form DC3-005)? Yes (X) No ( )

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C. <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes ( ) No (X)

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes (X) No ( )

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D. <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes (X) No ( )

2. If so, you must attach a copy of the appeal and response to this Complaint form.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.**

Signed this _1st_ day of _December_, 2_011_.

_____
Signature of Plaintiff

III. **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes ( ) No (X)

If your answer is YES, answer the following questions.

A. Is there a grievance procedure at your institution or jail? Yes ( ) No ( ) N/A

B. Did you present the facts relating to your Complaint in the grievance procedure? Yes ( ) No ( ) N/A

C. If your answer is YES:

  1. What steps did you take? N/A

  2. What were the results? N/A

  3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D. If your answer is NO, explain why not: N/A

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.**

Signed this _1st_ day of _December_, 2 _011_.

_____
Signature of Plaintiff

IV. **PREVIOUS LAWSUITS:**

A. Have you initiated other lawsuits in <u>state court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?
Yes (X) No ( )

B. Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?
Yes (X) No ( )

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1. Parties to previous lawsuit:

Plaintiff(s): Robert E. Stiker #095351

Defendant(s): Chapman Tate, Joshua Bostic, C. W. Thomas

2. Court (if federal court, name the district; if state court, name the county):
Middle District of Florida

3. Docket Number: 3:09-CV-479-J-32TEM

4. Name of judge: Thomas E. Morris

5. Briefly describe the facts and basis of the lawsuit: Staff Assault
8th Amend. Violations

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):
dismissed on the merits

7. Approximate filing date: N/A

8. Approximate disposition date: N/A

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

_____
N/A
_____

V. **PARTIES:** In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: Robert E. Spikor #095351

Mailing address: Florida State Prison - 7819 N.W. 228th St. Raiford, FL. 32026

B. Additional Plaintiffs: N/A

In part C of this section, indicate the <u>full name</u> of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: R. Rodriguez

Mailing Address: Union Correctional Institution 7819 N.W. 228th St. Raiford, FL. 32026

Position: Medical Doctor

Employed at: Florida Department of Corrections

D. Defendant: J. Auiles

Mailing Address: Union Correctional Institution 7819 N.W. 228th St. Raiford, FL. 32026

Position: Chief Medical Officer (Medical Doctor)

Employed at: Florida Department of Corrections

E. Defendant: G. A. ESPINO
Mailing Address: FLORIDA STATE PRISON
7819 N.W. 228th ST. RAIFORD, FL. 32026
Position: Chief Medical Officer (Medical Doctor)
Employed at: Florida Department of Corrections

F. Defendant: C. B. BOULLAN
Mailing Address: FLORIDA STATE PRISON
7819 N.W. 228th ST. RAIFORD, FL. 32026
Position: S.H.S.A.
Employed at: Florida Department of Corrections

G. Defendant: R. t. SoloRZANO
Mailing Address: (LAST KNOWN Address) Florida STATE Prison
7819 N.W. 228th ST. RAIFORD, FL. 32026
Position: Medical Doctor
Employed at: Florida Dept. of Corrections

H. Defendant: L. HOANG
Mailing Address: Union Correctional Institution
Position: Medical Doctor
Employed at: Florida Dept. of Corrections

VI. **STATEMENT OF CLAIM**: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

8th Amendment violation for deliberate indifference and medical negligence where Doctors knew Plaintiff had a serious medical need, despite prescribing the same medications over a 5 year period for alleged "constipation". Doctors refusal to conduct any kind of medical tests or allow Plaintiff to see a specialist, knowing his condition had worsened.

VII. **STATEMENT OF FACTS**: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant(s)).

The institution would only allow me access to review a small portion of my medical record. Can not get copies without an attorney.

— Statement of Facts —

On 03/22/10 Plaintiff saw Defendant on a medical call out. Told Defendant his bowell problem was worse and had blood in his stools. Dr. J. Aviles (defendant) then told Plaintiff he would do nothing but prescribe him a laxative.

Statement of Facts, continued:

Plaintiff seen Dr. J. Aviles again on 11/01/10 at Union Corr. Institution and was again prescribed a laxative. (No tests, blood tests, rectal exams, C.A.T. scans or any other tests to determine the nature of Plaintiffs medical condition till the date of this filing.)

Saw Dr. R. Rodriguez on 11/29/10 about bowell problem. Told Defendant, Plaintiff had been having problems with performing bowell movements, condition had gotten worse. Dr. R. Rodriguez refused to order any tests at all and continued Plaintiff on laxative.

Plaintiff seen Dr. L. Hoang on 12/17/10 at U.C.I. Dr. L. Hoang refused to conduct tests for bowell problem after being informed medical condition had gotten worse. Continued Plaintiff on laxative.

Plaintiff seen Dr. J. Aviles again on 01/11/11, again Dr. J. Aviles refused to conduct any tests, knowing Plaintiff had a medical condition and continued Plaintiff on laxative.

Plaintiff saw Dr. R. J. Solorzano on 08/02/11, Defendant was informed of Plaintiffs bowell problem. That it had worsened to the point Plaintiff had to insert a finger in order to dig out feces as Plaintiff was unable to perform a bowell movement another way and Plaintiff was suffering from extreme pain. Defendant did nothing at all.

DC 225 (Rev. 9/03)    9

Plantiff saw Dr. G.A. Espino on 09/19/11. Dr. Espino discontinued Plantiffs prescription to Laxative and prescribed a Fiber Pill.

Plantiff must direct this court to his memorandum of law previously filed with his original complaint for the rest of the statement of facts.

Due to the Institutional's Law Library's blatant refusal to make the needed copies for Plantiff, Plantiff sent "all" of his copies of sick calls and grievances with responses.

Plantiff has deleted three (3) defendants from his original complaint in this amended version.

Defendant – C.B. Bowlan, S.H.S.A. is directly involved as denying Plantiffs informal grievances.

Plantiff has no documents to go by. Due to this courts rules Plantiff had to send this court all of his documents.

VIII. **RELIEF REQUESTED:** State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

Compensatory Damage's in the amount of $70,000.00 Seventy-thousand dollars Per defendant. Defendant's were aware of the degree of Pain and discomfort Plaintiff was having and Refused to Perform any tests to Properly Diagnose and Treat the Problem. Also,

That if Defendants have not been directed Prior to Granting of Relief, That they be directed To Provide: Blood tests, C.A.T. Scans, M.R.I's and any other tests to find a Proper diagnosis and Treat it Properly Where Plaintiff is either cured or Relieved of symptoms.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Signed this __1st__ day of __December__, 2 __011__.

_Robert E. Spiker_

_____

_____
(Signatures of all Plaintiffs)

Certificate of service

I Robert E. Spiker, Plaintiff, Pro-se, Do hereby swear that a true and correct copy of the foregoing: 42 U.S.C. §1983 civil Rights Complaint has been furnished by U.S. mail To: Clerk, U.S. District Ct. - Middle Dist. 300 N. Hogan St. Rm 9-150 - Jacksonville, FL. 32202-4279 on this 1st day of December of 2011

_Robert E. Spiker_
Robert E. Spiker #095351
Florida State Prison H-1116
7819 N.W. 228th St.
Raiford, FL. 32026

DC 225 (Rev. 9/03)                    10